

**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| TYLER T. NICOLAISEN and TRACEY D. H. NICOLAISEN | * | Case No. 10-27817-JS |
| | * | Chapter 7 |
| Debtors | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### *MEMORANDUM OPINION DENYING MOTION FOR DETERMINATION OF DISCHARGEABILITY OF DEBT [P. 114]*

This matter is before the Court upon the motion of Coleman Homes, Inc., for Determination of Dischargeability of Debt and the response of the debtors. On July 8, 2013, a hearing was held on the pleadings, during which the Court requested the parties file supplemental memoranda of law. For the reasons stated herein, the Motion will be denied.

*FINDINGS OF FACT*

1. On August 5, 2010, Tyler and Tracey Nicolaisen ("debtors"), filed the instant bankruptcy case as a Chapter 13 proceeding. On November 14, 2012, the Court converted the debtors' case to Chapter 7 upon their motion.

2. On May 2, 2013, Coleman Homes, Inc. ("Coleman," "movant"), filed the instant Motion for Determination of Dischargeability of Debt [P. 114], which seeks a determination that unpaid rent and accrued repair costs incurred pursuant to a residential lease agreement for the premises known as 309 W. Main Street, Westminster, Maryland 21158 (the "premises"), prior to the conversion of the debtors' bankruptcy from Chapter 13 to Chapter 7 constitutes an administrative expense under 11 U.S.C. § 1334. On May 23, 2013, the debtors filed a response [P. 115].

3. On July 8, 2013, the Court held a hearing on the abovementioned pleadings. At the behest of the Court, each party filed a supplemental memorandum of law on the issues after the hearing.

4. The residential lease agreement at the center of the matter was entered into on March 22, 2012, between Coleman, as owner/lessor and William Heller, Sr. and Tracey Nicolaisen collectively as "Resident." Lease, Exhibit No. 1 to the Motion.

5. Despite the characterization of debtor Tracey Nicolaisen as "Resident,"

paragraph 6 of the lease specified the occupants of the leased premises as "William Heller, Sr.; William Heller, Jr.; 1 minor grandchild; 1 small dog/terrier owned by Wm. Heller, Sr." Debtor's signature appears on the final page of the document as "cosigner's/resident's signature." Paragraph 6 also stated that "ONLY the [above named] individuals and/or animals, AND NO OTHERS shall occupy the subject residence for more than 15 days unless the expressed written consent of OWNER obtained in advance."

6. The term of the lease term was one year, from April 1, 2012, through March 31, 2013. Rent was paid through September 1, 2012. Rent due thereafter was not paid.

7. During the course of the tenancy, Coleman alleges that damage was caused to the premises in the amount of $9,213.96.

8. Debtor's response to the Motion alleged that she never resided at the premises and that at all times relevant, the movant and its agents and representatives were aware that she was acting as an agent and guarantor for her late father and did not reside on the premises.

*CONCLUSIONS OF LAW*

### SUBJECT MATTER JURISDICTION AND VENUE

1. The bankruptcy court has subject matter jurisdiction to consider motions to

determine the dischargeability of debt, which are core proceedings. 28 U.S.C. § 157(b)(2)(A), (B) and (I). Venue is proper pursuant to 28 U.S.C. § 1334.

## APPLICABLE LAW

2. Movant claims that unpaid rent and damages owed pursuant to the lease agreement constitute an administrative expense under 11 U.S.C. § 503, which provides in relevant part,

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including–
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate.

*Id.*

3. Movant relies primarily upon the case of *In re Babbs*, 265 B.R. 35, 39 (Bankr. S.D. N.Y. 2001), which held that "the Debtor cannot escape liability for post-petition, pre-conversion rental arrears arising from a residential lease when a Chapter 13 bankruptcy is converted to Chapter 7 because such rental arrears merit administrative expense priority." *Id.*

4. The court in *Babbs* applied the logic of 11 U.S.C. §§ 365(b)(1) and 365(d)(3), which deal with the administrative priority of rental arrears in the commercial context, the policy underlying those code sections and the case law interpreting them to the context of residential rental arrears. *Id* at 37-38. The court

held that the lease transaction must benefit the estate in "some demonstrable way." *Id.*

5. Debtor argues correctly that the lease agreement at issue in this case did not provide a demonstable benefit to the debtors' estate. This Court need not determine whether or not to adopt the reasoning in *Babbs* because the movant has failed to prove any benefit to the estate from the lease. This Court finds the debtor's testimony at the hearing to have been credible and persuasive and finds the lease agreement to be in support of debtor's version of the facts.

6. Because the movant had knowledge that the debtor never lived on the premises, never intended to live on the premises, had no legal right to occupy the premises, and that she entered into the lease as an accommodation to her father, the claim for unpaid rent and damages is not an administrative claim allowable as such.

CONCLUSION

The motion will be denied because the movant has presented no facts in support of its theory that the rental arrearage and damages arose out of a lease agreement that provided any demonstrable benefit to the estate.

**ORDER ACCORDINGLY.**

cc:

Debtor's
Debtor's Counsel: Maximillian F. Van Order, Esq.
Chapter 13 Trustee
Movant's Counsel: Adam Coleman, Esq.
U.S. Trustee